UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BAHMAN SHARIFI, and
MAHIN AGHASEYEDHASHEMKADKHODA,

                Plaintiffs,                    **MEMORANDUM AND ORDER**
      v.                                        1:23-cv-5112-OEM

ANTONY J. BLINKEN, *in his official capacity
as Secretary of State, U.S. Department of State*;
RENA BITTER, *in her official capacity as
Assistant Secretary for Consular Affairs, U.S.
Department of State*; and JONATHAN
WEBSTER, *in his official capacity as Counsel
General, U.S. Embassy, Abu Dhabi, U.S.
Department of State*,
                Defendants.
-----------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

        Plaintiffs Bahman Sharifi ("Sharifi") and Mahin Aghaseyedhashemkadkhoda ("Mahin") (together with Sharifi, "Plaintiffs") commenced this action on July 5, 2023, against defendants Antony J. Blinken, Rena Bitter, and Jonathan Webster ("Defendants" or the "Government"). Plaintiffs bring claims under the Mandamus Act and the Administrative Procedure Act ("APA"), seeking to: (1) compel the Government to adjudicate the petition for a visa that Sharifi, a United States citizen, filed for his mother, Mahin, a citizen and resident of Iran; and (2) challenge what Plaintiffs characterize as an unreasonable delay in the administrative processing of Mahin's visa application.

        The Government has moved to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim on the grounds that: (1) Plaintiffs' complaint is barred by the doctrine of consular nonreviewability; (2) Plaintiffs' claims are moot because Mahin's visa application has already been adjudicated; (3) Plaintiffs' mandamus act claim fails as a matter of law; and (4) that

any other purported statutory bases for Plaintiffs' claims should be rejected. For the following reasons, the Government's motion to dismiss claims under Federal Rule of Civil Procedure 12(b)(1) is denied, and the Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is granted without prejudice. This action is dismissed in entirety without prejudice.

## BACKGROUND

Sharifi, a United States citizen, filed an I-130 Petition for Alien Relative on or about June 15, 2020, on behalf of his 70-year-old mother Mahin, a citizen and resident of Iran. Complaint, ECF 1 at 14. On February 13, 2023, Mahin was interviewed by the Consular Section of the U.S. Embassy in Abu Dhabi. Following the interview, "Mahin was informed that her application would have to undergo mandatory administrative processing" and was given "a temporary refusal letter under section 221(g) of the Immigration and Nationality Act which stated that her application was 'refused under section 221(g) of the U.S. Immigration and Nationality Act […] However, this refusal may be overcome once the missing documentation is submitted and/or administrative processing is completed.'" *Id*. The same day, the U.S. Embassy "emailed Plaintiff Mahin a Form DS-5535, Supplemental Questions for Visa Applicants which requested that she submit 15 years of detailed history including addresses, employment, travel, and social media handles," which she completed and submitted the next day. *Id*.

Plaintiffs allege that Mahin is "yet to receive a final decision on the pending visa application," and that repeated inquiries as to the status of her application have yielded "template responses" that her "case is still pending administrative processing," that "no documents are required at this time," and that "this refusal can be overcome once the missing documentation and/or administrative processing is completed." *Id*. at 16. Plaintiffs allege that this period of

2

administrative processing "has placed a severe emotional and financial strain on the Plaintiffs" "[a]s a result of the unreasonable delay in adjudication." *Id*. at 2.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. "In considering a motion to dismiss for lack of subject matter jurisdiction, we accept as true all material factual allegations in the complaint. However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (cleaned up).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). "To survive a motion to dismiss, Plaintiff's complaint must meet the *Iqbal-Twombly* pleading standard and 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.''" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, this Court must "accept[] as true factual allegations made in the complaint, […] drawing all reasonable inferences in favor of the plaintiffs." *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

## DISCUSSION

A.  **Subject Matter Jurisdiction: Consular Nonreviewability**

Defendants contend that this action is barred in entirety by the doctrine of consular nonreviewability, a long-standing restraint on the judiciary's power over consular actions. *See Trump v. Hawaii*, 585 U.S. 667, 702 (2018) ("For more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.' Because decisions in these matters may implicate 'relations with foreign powers,' or involve 'classifications defined in the light of changing political and economic circumstances,' such judgments 'are frequently of a character more appropriate to either the Legislature or the Executive.'"). As the Second Circuit has instructed, "[i]t is settled that the judiciary will not interfere with the visa-issuing process" due to the doctrine of consular nonreviewability. *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978). "The Second Circuit has held that the doctrine of consular nonreviewability bars judicial review of decisions to deny, suspend or grant an immigration visa." *Ahmed v. Bitter*, No. 23-CV-189, 2024 WL 22763, at *5 (E.D.N.Y. Jan. 2, 2024).

Plaintiffs and Defendants offer different interpretations of the bounds of this doctrine. Plaintiffs contend that the doctrine of consular nonreviewability does not bar their claims because it applies only to final consular actions, which they argue Mahin's refusal pending "administrative processing" does not constitute. In furtherance of this argument, Plaintiffs primarily rely on a number of cases from outside of this Circuit (*see, e.g., Ghadami v. United States Dep't of Homeland Sec.*, No. CV 19-00397 (ABJ), 2020 WL 1308376, at *5 (D.D.C. Mar. 19, 2020) ("[C]laims alleging unreasonable delay while a case remains suspended in 'administrative

processing' are not barred by the doctrine of consular nonreviewability."); *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98 (D.D.C. 2020) ("As other courts have found, the focus should be on what is actually happening; even if the State Department chooses to characterize a section 221(g) notification as a 'refusal,' an interim decision is not sufficiently final to warrant the application of the doctrine.")), in addition to one case from the Southern District of New York (*see Saleh v. Tillerson*, 293 F. Supp. 3d 419, 431 (S.D.N.Y. 2018) ("[A] visa that is in 'administrative processing' cannot be said to have received final approval.").

Defendants argue for a broader view of the doctrine of consular nonreviewability, one that would find Plaintiffs' claims within the broad sweep of the Supreme Court's instruction that though "the 'plenary congressional power to make policies … for exclusion of aliens has long been firmly established,' the 'Congress has delegated [the] conditional exercise of this power to the Executive,' and it is 'well settled' that such power is to be 'enforced exclusively through executive officers, without judicial intervention.'" Memorandum of Law in Support of Defendants' Motion to Dismiss ("MOL"), ECF 14-1 at 9 (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 766, 769-70 (1972)). Defendants highlight the Second Circuit's similarly broad instruction that "the judiciary will not interfere with the visa-issuing process," *Hsieh*, 569 F.2d at 1181, and point to cases within this district where challenges to visa refusals for further administrative processing were dismissed on the grounds of consular nonreviewability. *See, e.g.*, *Morales v. Goldbeck*, No. 12-CV-2350, 2013 WL 937825, at *1, *4 (E.D.N.Y. Mar. 11, 2013) (Finding that "the consular non-reviewability doctrine applies and this Court lacks jurisdiction to consider Plaintiff's claims" where plaintiff challenged a consular official's issuance of "a standard denial letter, stating that she did not fulfill the requirements for the visa pursuant to § 221(g)").

5

Courts within this district have split regarding the applicability of the doctrine of consular nonreviewability to visa refusals for further administrative processing. *See, e.g.*, *Ahmed*, 2024 WL 22763, at *6 (Agreeing with the District Court for the District of Columbia that "the doctrine of consular non-reviewability precludes review only of final visa determinations and does not apply to challenges regarding decisions that are not yet final. Cases in administrative processing have not been finally refused, and are therefore subject to judicial review for undue delay."); *Nawaz v. United States Dep't of State*, No. 22-CV-05343, 2024 WL 99486, at *4 (E.D.N.Y. Jan. 9, 2024) ("Plaintiff's unreasonable delay claim is barred by the doctrine of consular nonreviewability" where she challenged a visa refusal for further administrative processing because "[c]ourts in this Circuit have expressly noted that, notwithstanding caselaw in other circuits, a distinction between challenging a decision and compelling adjudication is not a distinction that has a basis in Second Circuit law.").

This Court is inclined to follow the reasoning of *Ahmed*, finding that a distinction exists between challenging an agency action and challenging an agency's inaction. As compellingly explained in *Ahmed*, the Second Circuit's holding in *Hsieh* spoke to "the *action* of the American Consul in Taiwan suspending or denying the issuance of visas[.]" *Hsieh*, 569 F.2d at 1180-82 (emphasis added). Here, in refusing Mahin's visa application for further administrative processing under Section 221(g), consular officials have taken no final action: though nominally "refused," Mahin's visa application remains under consideration in a state of administrative limbo that cannot fairly be described as a final determination. For the Court to exercise its authority over undue delay cases under such circumstances does not interfere with Congress' plenary powers nor disturb the doctrine of consular nonreviewability. *See Ahmed*, 2024 WL 22763, at *6 ("Judicial review of challenges to a consular officer's failure to make any decision at all does not interfere with the

plenary power of Congress 'to prescribe the terms and conditions upon which [aliens] may come to this country,' or call into question the 'enormous discretion' that Congress has granted the Executive in this area[.] It would simply ensure that officers tasked by Congress to act on such applications do so without unreasonable delay.") (cleaned up).

Because Plaintiff's complaint is not barred by the doctrine of consular nonreviewability, the Court denies the Government's motion to dismiss for lack of subject matter jurisdiction.

### B. Mootness

Next, the Government argues that Plaintiff's complaint should be dismissed as moot because Mahin's visa application was already adjudicated through a Section 221(g) refusal. However, as discussed *supra*, this nominal "refusal" does not constitute a final agency action. Since Mahin's visa application has not yet been finally resolved, Plaintiff's complaint is not mooted by USCIS's purported "refusal" pursuant to Section 221(g). Therefore, the Government's motion to dismiss on mootness grounds is denied.

### C. Mandamus Act Claim

The Court now turns to the merits of Plaintiffs' Mandamus Act unreasonable delay claim. In order to make out a claim for unreasonable delay pursuant to the Mandamus Act, a plaintiff must establish: "(1) a clear right [ ] to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) [that] no other adequate remedy [is] available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989). Here, the availability of an APA claim—even though it, as discussed below, fails on the merits here—leaves Plaintiffs unable to establish the third prong of this test. *Luo v. United States Citizenship & Immigr. Servs.*, No. 23-CV-1104 (HG), 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023) ("The Court need not even consider whether Plaintiff has satisfied the first two requirements because the availability of a

7

cause of action under 5 U.S.C. § 706(1), authorizing a court to 'compel agency action unlawfully withheld or unreasonably delayed,' means that Plaintiff has an adequate alternative remedy under the APA. This is true even though, as further explained below, Plaintiff's APA claim also fails on the merits.") (cleaned up).

Because Plaintiffs have not established that "no other adequate remedy is available" to pursue their claims, Plaintiffs cannot establish a claim pursuant to the Mandamus Act. Accordingly, the Court dismisses Plaintiffs' Mandamus Act claim.

### D. Unreasonable Delay Claims

Lastly, the Court turns to the merits of Plaintiffs' APA unreasonable delay claim. The APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), with reviewing courts tasked with "compel[ling] agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). Though Plaintiffs purport to bring three distinct causes of action pursuant to the APA—one under 5 U.S.C. § 706(2), one under 5 U.S.C. § 706(1), and one under 5 U.S.C. § 555(b)—Plaintiffs' causes of action are substantively the same, challenging a purported unreasonable delay by USCIS.

"Unreasonable agency delay is measured according to the factors laid out in *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984)" ("*TRAC*"). *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 260 (E.D.N.Y. 2021). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

8

*TRAC*, 750 F.2d at 80 (cleaned up).

Plaintiffs assert that "Defendants have engaged in unreasonable inaction and delay, failing to adjudicate their applications for over 36 months since the visa application and over ten months since the interview and counting, with no timeline for completion despite their numerous inquiries." MOL at 14.

"It is settled, however, that the mere passage of time cannot sustain a claim of unreasonable delay. Courts have held delays in the vicinity of five years in the adjudication of immigration benefits not to be unreasonable as a matter of law." *N-N*, 540 F. Supp. 3d at 260–61; *see also Almakalani v. McAleenan*, No. 18-CV-398, 527 F.Supp.3d 205, 225 (E.D.N.Y. Mar. 16, 2021) ("[C]ourts in this circuit have repeatedly found that delays of as long as five years in USCIS's adjudication of immigration benefits are not unreasonable."). In the instant case, Mahin has remained in administrative limbo since her interview on February 13, 2023. Compl. at 14. Without further allegations absent here, this delay of barely over a year falls far short of the amount of delay required to sustain a claim for unreasonable delay under the APA.

Accordingly, Defendants' motion to dismiss is granted as to Plaintiff's APA unreasonable delay claims.

## CONCLUSION

For the reasons set forth above, the Court denies the Government's motion to dismiss claims under Federal Rule of Civil Procedure 12(b)(1), and the Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is granted without prejudice. Accordingly, this action is dismissed in entirety without prejudice.

9

The Clerk of Court is respectfully directed to enter a judgment in accordance with this order.

**SO ORDERED.**

                                          /s/
                                **ORELIA E. MERCHANT**
                                **United States District Judge**

Dated: Brooklyn, New York
       April 25, 2024.